UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JULIE BERG,

        Plaintiff,

v.

NANCY A BERRYHILL, Acting Commissioner of Social Security,

        Defendant.

CASE NO. 3:17-CV-05611-DWC

ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS

Plaintiff Julie Berg filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of Defendant's denial of Plaintiff's applications for supplemental security income ("SSI"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 5.

After considering the record, the Court concludes the Administrative Law Judge ("ALJ") erred by failing to find Plaintiff's migraines were a severe impairment at Step Two of the sequential evaluation process. Had the ALJ properly considered Plaintiff's migraines at Step Two, the residual functional capacity ("RFC") may have included additional limitations. The ALJ's error is therefore not harmless, and this matter is reversed and remanded pursuant to

sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner of Social Security ("Commissioner") for further proceedings consistent with this Order

FACTUAL AND PROCEDURAL HISTORY

On May 1, 2014, Plaintiff filed an application for SSI, alleging disability as of July 10, 2010. *See* Dkt. 8, Administrative Record ("AR") 20. The application was denied upon initial administrative review and on reconsideration. *See* AR 20. ALJ Robert P. Kingsley held a hearing on November 12, 2015. AR 37-61. In a decision dated February 3, 2016, ALJ Kingsley determined Plaintiff to be not disabled. AR 20-29. Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council, making the ALJ's decision the final decision of the Commissioner. *See* AR 1-3; 20 C.F.R. § 404.981, § 416.1481.

In Plaintiff's Opening Brief, Plaintiff maintains the ALJ erred by: (1) failing to find Plaintiff's migraines were a severe impairment at Step Two; (2) not discussing opinion evidence from Plaintiff's treating physician, Dr. Kimberly Herner, M.D.; and (3) failing to provide specific, clear and convincing reasons for discounting Plaintiff's subjective symptom testimony. Dkt. 10, pp. 1-9.

STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

DISCUSSION

**I. Whether the ALJ properly considered all of Plaintiff's severe impairments at Step Two.**

Plaintiff argues the ALJ erred by failing to find Plaintiff's migraines[1] were a severe impairment at Step Two of the sequential evaluation process. Dkt. 10, pp. 2-4.

Step Two of the administration's evaluation process requires the ALJ to determine whether the claimant "has a medically severe impairment or combination of impairments." *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996) (citation omitted); 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii) (1996). An impairment is "not severe" if it does not "significantly limit" the ability to conduct basic work activities. 20 C.F.R. §§ 404.1521(a), 416.921(a). "Basic work activities are 'abilities and aptitudes necessary to do most jobs, including, for example, walking, standing, sitting, lifting, pushing, pulling, reaching, carrying or handling.'" *Smolen*, 80 F.3d at 1290 (quoting 20 C.F.R. § 140.1521(b)). An impairment or combination of impairments "can be found 'not severe' only if the evidence establishes a slight abnormality having 'no more than a minimal effect on an individual[']s ability to work.'" *Id.* (quoting *Yuckert v. Bowen*, 841 F.2d 303, 306 (9th Cir. 1988) (adopting Social Security Ruling "SSR" 85-28)).

A. <u>Severe Impairment</u>

At Step Two, the ALJ found Plaintiff has the following severe impairments: "adjustment disorder, posttraumatic stress disorder (PTSD), and bulimia nervosa." AR 22 (citation omitted). The ALJ also considered whether Plaintiff's acute renal failure, acute cardiopulmonary distress, hypokalemia, hypotension, leukocytosis, hypercalcemia, hyponatremia, and anemia were severe

---

[1] The medical evidence shows Plaintiff has been diagnosed with both headaches and migraines. *See, e.g.*, AR 257, 827, 831, 832. For clarity, the Court will refer to Plaintiff's impairment as "migraines" and will consider evidence referencing both headaches and migraines in determining whether the ALJ erred at Step Two.

at Step Two. AR 22. While the ALJ found these impairments "non-severe," he stated that he considered them to the extent they impact Plaintiff's RFC. AR 22. The ALJ did not mention Plaintiff's migraines at Step Two. *See* AR 22.

The medical evidence reveals that acceptable medical sources have diagnosed Plaintiff with migraines. On September 16, 2014, Plaintiff saw Dr. Dhruva R. Gulur, M.D., with complaints of a migraine associated with photo/phonobia, nausea, and vomiting. AR 829. Dr. Gulur diagnosed Plaintiff with a headache and migraine with aura, and prescribed medications for her migraine. AR 831-33. On October 12, 2014, Plaintiff's treating physician Dr. Herner, another acceptable medical source, also noted Plaintiff had an active diagnosis of migraines. AR 827. Dr. Herner acknowledged this diagnosis on several other occasions, as well. *See, e.g.*, AR 864, 898, 903, 938, 939. In addition, Plaintiff's physicians have prescribed medications to treat migraines. *See, e.g.*, AR 280, 832, 864-65, 903.

The evidence further shows Plaintiff's migraines cause functional limitations which impact her ability to conduct basic work activities. Plaintiff gets a migraine "[a]t least twice a week." AR 53. Her migraines last from a couple days to an "entire week." AR 53. When Plaintiff has a migraine, she must be in a quiet, dark room. *See* AR 213, 222. Her migraines cause photo/phonobia, nausea, and vomiting. AR 829. Plaintiff's migraines further affect her ability to sleep and cook. AR 219, 220. When Plaintiff was working, she would sometimes miss work due to her migraines. AR 48.

In sum, the evidence shows Plaintiff's diagnosed impairment of migraines has more than a minimal impact on her ability to work. Therefore, the Court finds Plaintiff's migraines are a severe impairment.

B.  <u>Harmless Error</u>

Defendant argues, even if the ALJ erred at Step Two, any error was harmless. Dkt. 11, p. 2. Harmless error principles apply in the Social Security context. *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012). An error is harmless, however, only if it is not prejudicial to the claimant or "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout v. Comm'r of Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see also Molina*, 674 F.3d at 1115. The determination as to whether an error is harmless requires a "case-specific application of judgment" by the reviewing court, based on an examination of the record made "'without regard to errors' that do not affect the parties' 'substantial rights.'" *Molina*, 674 F.3d at 1118-1119 (quoting *Shinseki v. Sanders*, 556 U.S. 396, 407 (2009) (quoting 28 U.S.C. § 2111)). If the ALJ accounts for all of Plaintiff's limitations in assessing the RFC, the Step Two error is harmless. *See Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007).

In this case, the ALJ failed to consider Plaintiff's migraines as a severe impairment at Step Two. *See* AR 22. The ALJ's decision also indicates he failed to consider Plaintiff's migraines throughout the remaining steps of the sequential evaluation process; the ALJ only mentioned Plaintiff's migraines twice – once when summarizing Plaintiff's hearing testimony, and once when discounting medical opinion evidence from Dr. Dan Neim, Psy.D. *See* AR 25, 27. Yet ALJ did not discuss Plaintiff's migraine diagnoses or the limiting effects of her migraines in his decision. *See* AR 20-29. Because the ALJ excluded this diagnosis and failed to consider its limiting effects, the RFC was "incomplete, flawed, and not supported by substantial evidence." *See Hill v. Astrue*, 698 F.3d 1153, 1161 (9th Cir. 2012) (internal quotation marks and citations omitted) ("Where the ALJ has found a severe medically determinable impairment at step two of the sequential analysis, all medically determinable impairments must be considered

in the remaining steps of the sequential analysis."); *see also Smolen*, 80 F.3d at 1290 (an ALJ "is required to consider the claimant's subjective symptoms, such as pain or fatigue, in determining severity" at Step Two).

Had the ALJ properly considered Plaintiff's severe impairment of migraines at Step Two, the RFC and hypothetical questions posed to the vocational expert ("VE") may have contained additional limitations. For example, evidence in the record indicates Plaintiff suffers from migraines at least twice per week and has previously missed work due to her migraines. The evidence also indicates Plaintiff needs to be in a dark, quiet room after the onset of a migraine, and her migraines make her vomit. Therefore, had the ALJ properly considered Plaintiff's migraines as a severe impairment, the RFC and hypothetical questions posed to the VE may have reflected these limitations. As the ALJ's failure to properly consider Plaintiff's migraines at Step Two and throughout the remaining sequential evaluation process impacts the ultimate disability decision, it is not harmless and requires reversal. On remand, the ALJ is directed to consider all limitations caused by Plaintiff's migraines during each step of the sequential evaluation process.

**II.     Whether the ALJ properly considered the medical opinion evidence and Plaintiff's subjective symptom testimony.**

Next, Plaintiff argues the ALJ erred by failing to discuss medical opinion evidence from her treating physician, Dr. Herner. Dkt. 10, pp. 4-5. Plaintiff further argues the ALJ erred in his treatment of Plaintiff's subjective symptom testimony. *Id.* at 5-9.

The ALJ's error at Step Two requires remand for the ALJ to properly consider Plaintiff's migraines as a severe impairment at Step Two and in the remaining steps of the sequential evaluation process. *See* Section I, *supra*. As the ALJ's error at Step Two impacts all aspects of the ALJ's decision, the ALJ is instructed to re-evaluate this entire matter on remand, including all medical opinion evidence and Plaintiff's subjective symptom testimony.

The Court also notes, on March 28, 2016, the Social Security Administration changed the way it analyzes a claimant's credibility. *See* SSR 16-3p, 2016 WL 1119029 (Mar. 16, 2016); 2016 WL 1237954 (Mar. 24, 2016). The term "credibility" will no longer be used. 2016 WL 1119029, at *1. Further, symptom evaluation is no longer an examination of a claimant's character. *See id*. at *10 ("adjudicators will not assess an individual's overall character or truthfulness"). The ALJ's decision here – dated February 3, 2016 – was issued before SSR 16-3p became effective. Thus, the ALJ did not err by failing to apply SSR 16-3p. However, on remand, the ALJ is directed to apply SSR 16-3p when evaluating Plaintiff's subjective symptom testimony.

## CONCLUSION

Based on the foregoing reasons, the Court hereby finds the ALJ improperly concluded Plaintiff was not disabled. Accordingly, Defendant's decision to deny benefits is reversed and this matter is remanded for further administrative proceedings in accordance with the findings contained herein.

Dated this 7th day of February, 2018.

David W. Christel
United States Magistrate Judge