UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JULIE BERG,

        Plaintiff,

v.

NANCY A BERRYHILL, Deputy Commissioner of Social Security for Operations,

        Defendant.

CASE NO. 3:17-CV-05611-DWC

ORDER ON DEFENDANT'S MOTION TO ALTER OR AMEND THE JUDGMENT PURSUANT TO FED. R. CIV. P. 59(E)

On February 7, 2018, the Court entered Judgment for Plaintiff, reversing and remanding Defendant's decision to deny Plaintiff's application for supplemental security income ("SSI"). *See* Dkt. 13, 14. Presently before the Court is Defendant's Motion to Alter the Judgment pursuant to Federal Rule of Civil Procedure 59(e) ("Motion").[1] Dkt. 15. Defendant argues the Court should alter the judgment and affirm Defendant's decision to deny benefits because the Court's decision is based on a clear error of law. *Id.* at 1.

---

[1] Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 5.

ORDER ON DEFENDANT'S MOTION TO ALTER
OR AMEND THE JUDGMENT PURSUANT TO
FED. R. CIV. P. 59(E) - 1

The Court may alter or amend a judgment under Rule 59(e) where the Court has committed clear error. *See Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003). Rule 59(e) provides an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Id.* (citation and internal quotation marks omitted).

Here, Defendant argues the Court committed clear error of law because the Court identified no objective medical evidence when determining the administrative law judge ("ALJ") erred at Step Two regarding Plaintiff's severe impairment of migraines. Dkt. 15, p. 2. Furthermore, Defendant argues the Court committed clear error by finding this error harmful, asserting any error at Step Two would be harmless because Step Two was decided in Plaintiff's favor. *Id.* at 2-3.

Defendant's arguments are unavailing. First, as the Court stated in its original Order, the objective medical evidence shows several acceptable medical sources diagnosed Plaintiff with migraines. *See, e.g.*, Dkt. 8, Administrative Record ("AR") 280, 827, 829, 832, 864-65, 903. The medical evidence further reveals her migraines cause functional limitations which impact her ability to conduct basic work activities. *See, e.g.*, 53, 48, 213, 220, 222. Defendant asserts the Court erred by relying on Plaintiff's complaints to her medical providers in determining whether the ALJ erred at Step Two. Dkt. 15, p. 2. However, an ALJ "is required to consider the claimant's subjective symptoms, such as pain or fatigue, in determining severity" at Step Two. *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996) (citing 20 C.F.R. § 404.1529(d)(2)). Therefore, Defendant's first argument is unavailing.

Second, as the Court explained in its Order, the ALJ's error at Step Two was not harmless. An ALJ's error at Step Two is harmless if the ALJ accounts for all of Plaintiff's limitations in assessing the residual functional capacity ("RFC") assessment. *Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007). Here, the ALJ only mentioned Plaintiff's migraines twice –

1 | once when summarizing Plaintiff's hearing testimony, and once when discounting medical

2 | opinion evidence from Dr. Dan Neim, Psy.D. *See* AR 25, 27. Nevertheless, the ALJ failed to

3 | discuss Plaintiff's migraine diagnoses or the limiting effects of her migraines in his decision. *See*

4 | AR 20-29. Because the ALJ failed to consider the limiting effects of Plaintiffs diagnosis, this

5 | error was not harmless, as the RFC was "incomplete, flawed, and not supported by substantial

6 | evidence." *See Hill v. Astrue*, 698 F.3d 1153, 1161 (9th Cir. 2012) (internal quotation marks and

7 | citations omitted) ("Where the ALJ has found a severe medically determinable impairment at

8 | step two of the sequential analysis, all medically determinable impairments must be considered

9 | in the remaining steps of the sequential analysis.") Hence, Defendant's second argument is also

10 | unpersuasive.

11 | Plaintiff requests the Court find Defendant made this Motion in bad faith and suggests the

12 | Court award Plaintiff attorney's fees as a result. Dkt. 16, p. 3 (citing *Barry v. Bowen*, 825 F.2d

13 | 1324, 1333 (9th Cir. 1987)). While the Court declines to find Defendant acted in bad faith in

14 | filing this Motion, the Court notes Defendant's Motion resulted in an inefficient use of judicial

15 | resources and did not meet the standards of Rule 59(e). *See Carroll*, 342 F.3d at 944-45. Further,

16 | Plaintiff may raise any argument for attorney's fees in a separately filed motion for attorney's

17 | fees.

18 | Defendant's Motion (Dkt. 15) is denied.

19 | Dated this 27th day of March, 2018.

David W. Christel
United States Magistrate Judge