UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JULIE BERG,

        Plaintiff,

v.

NANCY A BERRYHILL, Deputy Commissioner of Social Security for Operations,

        Defendant.

CASE NO. 3:17-CV-05611-DWC

ORDER ON MOTION FOR ATTORNEY'S FEES

Plaintiff Julie Berg filed a Motion for Attorney Fees ("Motion for Fees"), seeking attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"). Dkt. 18. Specifically, Plaintiff seeks attorney's fees pursuant to § 2412(d) of the EAJA, as well as attorney's fees pursuant to the bad faith exception in § 2412(b) due to Defendant's "Motion to Alter the Judgment." *Id.* Defendant objects to the Motion for Fees, contending Defendant's position in the underlying case was substantially justified and Defendant did not act in bad faith. Dkt. 19.

The Court concludes Defendant's position was not substantially justified. Further, the Court finds the Motion to Alter the Judgment resulted in an inefficient use of judicial resources. However, the record does not reflect Defendant filed the Motion to Alter the Judgment in bad faith. Therefore, Plaintiff's Motion for Fees (Dkt. 18) is granted-in-part.

## BACKGROUND

On February 7, 2018, the Court found the Administrative Law Judge ("ALJ") erred by failing to find Plaintiff's migraines were a severe impairment and failing to consider the limitations associated with Plaintiff's migraines throughout the sequential evaluation process. Dkt. 13. Accordingly, the Court reversed the ALJ's decision and remanded the case to the Social Security Administration ("Administration") for further consideration pursuant to sentence four of 42 U.S.C. § 405(g). *Id.*; *see also* Dkt. 14.

On February 15, 2018, Defendant filed a "Motion to Alter the Judgment" pursuant to Federal Rule of Civil Procedure 59(e). Dkt. 15. Plaintiff filed a Response opposing the Motion to Alter the Judgment on February 16, 2018. Dkt. 16. On March 27, 2018, the Court denied the Motion to Alter the Judgment. Dkt. 17.

Plaintiff filed the present Motion for Fees on April 26, 2018. Dkt. 18. On May 4, 2018, Defendant filed a Response. Dkt. 19. Plaintiff filed a Reply on May 11, 2018. Dkt. 20.

## DISCUSSION

In any action brought by or against the United States, the EAJA states "a court shall award to a prevailing party other than the United States fees and other expenses . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). According to the United States Supreme Court, "the fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). The government has the burden of proving its positions overall were substantially justified. *Hardisty v. Astrue*, 592 F.3d 1072, 1076 n.2 (9th Cir. 2010) (citing *Flores v. Shalala*, 49 F.3d 562, 569-70 (9th Cir. 1995)). Further, if the government disputes the reasonableness of the fee, it "has a burden of rebuttal that

requires submission of evidence to the district court challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party in its submitted affidavits." *Gates v. Deukmejian*, 987 F.2d 1392, 1397-98 (9th Cir. 1992) (citations omitted). The Court has an independent duty to review the submitted itemized log of hours to determine the reasonableness of hours requested in each case. *See Hensley*, 461 U.S. at 433, 436-37.

**I.    Defendant's Position and Conduct**

The parties dispute whether Defendant's position in the underlying case was substantially justified. *See* Dkt. 18, pp. 4-5; Dkt. 19, pp. 1-3. The parties also dispute whether Defendant filed the Motion to Alter the Judgment in bad faith. *See* Dkt. 18, pp. 5-10; Dkt. 19, pp. 3-5.

    A.  *Substantial Justification*

In this matter, Plaintiff was the prevailing party because she received a remand to the Administration for further consideration. *See* Dkt. 13, 14. To award attorney's fees to a prevailing plaintiff, the EAJA also requires a finding that the position of the United States was not substantially justified. 28 U.S.C. § 2412(d)(1)(B).

The Supreme Court has held "substantially justified" means "'justified in substance or in the main' – that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). A "substantially justified position must have a reasonable basis both in law and fact." *Gutierrez v. Barnhart*, 274 F.3d 1255, 1258 (9th Cir. 2001) (citing *Pierce*, 487 U.S. at 565; *Flores*, 49 F.3d at 569). The Court "'must focus on two questions: first, whether the government was substantially justified in taking its original action; and second, whether the government was substantially justified in defending the validity of the action in court.'" *Id.* at 1259 (quoting *Kali v. Bowen*, 854 F.2d 329, 332 (9th Cir. 1988)). Thus, for the government to prevail, it must establish both the ALJ's underlying conduct and its litigation

position in defending the ALJ's error were substantially justified. *Id.* "[I]f 'the government's underlying position was not substantially justified,'" the Court must award fees and does not have to address whether the government's litigation position was justified. *Tobeler v. Colvin*, 749 F.3d 830, 832 (9th Cir. 2014) (quoting *Meier v. Colvin*, 727 F.3d 867, 872 (9th Cir. 2013)). The fact the Administration did not prevail on the merits does not compel the Court to conclude its position was not substantially justified. *See Kali*, 854 F.2d at 334.

In this case, the Court found acceptable medical sources diagnosed Plaintiff with migraines, and Plaintiff's migraines cause functional limitations which have more than minimal impacts on her ability to work. Dkt. 13, pp. 3-4. The ALJ failed to consider the migraine diagnoses at Step Two, and further failed to consider the limitations associated with Plaintiff's migraines when assessing the RFC and the remaining steps of the sequential evaluation process. *Id.* at 3-6. Therefore, the Court determined the ALJ committed harmful error. *Id.*

Defendant argues her position in the underlying matter was substantially justified because the ALJ decided Step Two in Plaintiff's favor, and thus, any error at Step Two was harmless. Dkt. 19, pp. 2-3 (citing *Buck v. Berryhill*, 869 F.3d 1040, 1048-49 (9th Cir. 2017)). Defendant's argument is unpersuasive. Regardless of the fact that the ALJ decided Step Two in Plaintiff's favor, the ALJ was required to consider limitations imposed by *all* of Plaintiff's impairments, severe or not, when assessing Plaintiff's RFC. *See Buck*, 869 F.3d at 1049 (citing Social Security Rule ("SSR") 96-8p, 1996 WL 374184, at *5). Here, as the Court explained in its Order, the ALJ failed to discuss Plaintiff's migraines and the associated limitations *throughout* the evaluation process, such as in the RFC or hypothetical questions posed to the vocational expert ("VE"). Dkt. 13, pp. 5-6. Because the ALJ failed to consider the limitations imposed by Plaintiff's migraines, the RFC was "incomplete, flawed, and not supported by substantial evidence." *See Hill v. Astrue*,

698 F.3d 1153, 1161 (9th Cir. 2012) (internal quotation marks and citations omitted); *see also Loader v. Berryhill*, --- Fed. Appx. ----, 2018 WL 524760, at *1 (9th Cir. 2018) (citing *Buck*, 869 F.3d at 1049) (finding that, even if the ALJ's failure to find Plaintiff's depression "severe" at Step Two was harmless error, the ALJ's failure to consider Plaintiff's depression when assessing the RFC and examining the VE was not harmless error).

Hence, the ALJ's failure to consider the limitations associated with Plaintiff's migraines was not substantially justified. *See Meier*, 727 F.3d at 872 (there is a strong indication the government's position was not substantially justified when the agency's decision is unsupported by substantial evidence); *Corbin v. Apfel*, 149 F.3d 1051, 1053 (9th Cir. 1998) ("the defense of basic and fundamental errors . . . is difficult to justify"); *see also Tobeler*, 749 F.3d at 834 (emphasis in original) ("Because the government's *underlying* position was not substantially justified, we award fees, even if the government's *litigation* position may have been justified."). Plaintiff is therefore entitled to attorney's fees.

B.  *Bad Faith*

Plaintiff next contends Defendant filed the Motion to Alter the Judgment in bad faith and as such, Plaintiff is entitled to market rate attorney's fees for the time spent opposing that motion. Dkt. 18, pp. 5-10; *see also* 28 U.S.C. § 2412(b).

In addition to allowing a prevailing party to recover attorney's fees at a statutory rate, the EAJA provides "[t]he United States shall be liable for such fees and expenses to the same extent that any other party would be liable under the common law." 28 U.S.C. § 2812(b). The incorporation of the common law into the EAJA "has been used to allow awards of attorney fees at market rates in cases involving 'bad faith' by the United States or an agency of the United States." *Brown v. Sullivan*, 916 F.2d 492, 495 (9th Cir. 1990) (quoting *Barry v. Bowen*, 825 F.2d 1324,

1333 (9th Cir. 1987)). Awarding attorney fees "under the bad faith exception is punitive, and the penalty can be imposed only in exceptional cases and for dominating reasons of justice." *Id.* (internal quotation marks and citations omitted). Hence, the bad faith exception is "narrow" and typically warranted only in cases of "vexatious, wanton, or oppressive conduct." *Id.* (citing *Barry*, 825 F.2d at 1334).

In this case, the Step Two arguments Defendant presented in the Motion to Alter the Judgment reflected the same arguments presented in the Response. *Compare* Dkt. 11, pp. 2-3 (Response) *with* Dkt. 15, pp. 2-3 (Motion to Alter the Judgment). As such, Plaintiff asserts Defendant filed the Motion to Alter the Judgment in bad faith and she is entitled to market rate attorney's fees for the time spent opposing that motion. Dkt. 18, pp. 7-8. Defendant, on the other hand, maintains she did not file the Motion to Alter the Judgment in bad faith, but rather filed it as "a good-faith attempt to call the Court's attention to a legitimate authority and its application to the facts of this case." Dkt. 19, pp. 3-4.

The Court is well-aware of all arguments presented to it and did not need Defendant to reiterate the arguments already presented in the Response. The Court is also well-aware of the case law and other authorities regarding Step Two of the sequential evaluation process. Given that the Court did not commit any error in its initial Order, and that the arguments within the Motion to Alter the Judgment were not new and did not submit any new authority, the time the Court expended denying the Motion to Alter the Judgment resulted in an inefficient use of judicial resources. *See Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (emphasis added) (internal quotation marks and citation omitted) (noting that a Motion to Alter or Amend the Judgment is an "extraordinary remedy, *to be used sparingly* in the interests of finality and *conservation of judicial resources*").

Nonetheless, while Defendant's decision to file the Motion to Alter Judgment was inefficient and unmeritorious, the record does not reflect Defendant's filing of the Motion to Alter the Judgment was the "exceptional case" in which bad faith was present. *See Rodriguez v. United States*, 542 704, 711 (9th Cir. 2008) (internal quotation marks and citation omitted). Instead, the record reflects Defendant filed the Motion to Alter the Judgment based on a genuine – albeit misplaced – belief in the motion's merits. *See Castillo v. Colvin*, 2016 WL 5680162, at *5 (N.D. Cal. Oct. 3, 2016) (declining to award bad faith attorney's fees where the Administration filed a Motion to Alter the Judgment due to a "genuine but misplaced belief" in the motion's merit); *see also United States v. Manchester Farming P'ship*, 315 F.3d 1176, 1182 (9th Cir. 2003) (vexatious conduct requires proof of "ill intent" to act maliciously or harass); *Brown*, 916 F.2d at 495 (noting that conduct may be "unreasonabl[e]" but fall short of the bad faith standard). Thus, the Court denies Plaintiff's request for bad faith attorney's fees.

C. *Plaintiff is Entitled to Award*

In sum, the Administration has not shown substantial justification for the ALJ's underlying decision. There are also no special circumstances which render an EAJA award in this matter unjust. Accordingly, while the Court denies Plaintiff's request for bad faith attorney's fees, the Court finds Plaintiff is entitled to attorney's fees at the EAJA statutory rate. *See Meier*, 727 F.3d at 872; *Li v. Keisler*, 505 F.3d 913, 919 (9th Cir. 2007) ("[W]e have consistently held that regardless of the government's conduct in the federal court proceedings, unreasonable agency action at any level entitles the litigant to EAJA fees.").

**II. Reasonableness of Fee**

Once the Court determines a plaintiff is entitled to a reasonable fee, "the amount of the fee, of course, must be determined on the facts of each case." *Hensley*, 461 U.S. at 429, 433 n.7. Here,

Defendant does not challenge the reasonableness of the fee. *See* Dkt. 19. Moreover, based on the circumstances of this matter, briefing, declarations, and attorney time sheet, the Court concludes the amount of time incurred by Plaintiff's attorney in this matter is reasonable. *See* Dkt. 18. Specifically, the Court finds Plaintiff's request for $5,252.65 in attorney's fees (representing 26.7 hours of attorney work) reasonable.[1] *See id.*

## CONCLUSION

For the above stated reasons, the Court hereby grants Plaintiff's Motion as follows:

Plaintiff is awarded a total award of $5,252.65 in attorney's fees, representing 26.7 hours of attorney work, pursuant to the EAJA and consistent with *Astrue v. Ratliff*, 560 U.S. 586 (2010).

The Acting Commissioner shall contact the Department of Treasury to determine if the EAJA Award is subject to any offset. If the U.S. Department of the Treasury verifies to the Office of General Counsel that Plaintiff does not owe a debt, the government shall honor Plaintiff's assignment of EAJA Award and pay the EAJA Award directly to Dellert Baird Law Offices, PLLC, Plaintiff's counsel. If there is an offset, any remainder shall be made payable to Plaintiff, based on the Department of the Treasury's Offset Program and standard practices, and the check shall be mailed to Plaintiff's counsel, Dellert Baird Law Offices, PLLC, 2805 W Bridgeport Way, #23, University Place, WA 98466.

Dated this 22nd day of May, 2018.

David W. Christel
United States Magistrate Judge

---

[1] Although Plaintiff requests an attorney's fee award pursuant to the EAJA statutory rate for 2017, her attorney spent some time on this case in 2016. *See* Dkt. 18-2. Therefore, the Court applies the 2016 statutory rate to the time Plaintiff's attorney spent during that year. *See* 28 U.S.C. § 2412(d)(2)(A); *Thangaraja v. Gonzales*, 428 F.3d 870, 876-77 (9th Cir. 2005).